UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LEON J. HOWARD, JR.,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. 4:06-CV-553-CAS

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Leon J. Howard, Jr. to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**Background**

On November 5, 1999, after a jury trial, movant was convicted of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, twelve counts of wire fraud in violation of 18 U.S.C. §§ 1343, ten counts of interstate transportation of stolen money in violation of 18 U.S.C. §§ 2314, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(g), and three counts of engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957. The District Court sentenced movant to 120 months' imprisonment. The Eighth Circuit Court of Appeals affirmed the judgment of conviction on December 11, 2000, and the mandate issued on January 25, 2001. On February 22, 2001, the Eighth Circuit denied movant's petition

for rehearing. Movant did not file a petition for certiorari in the United States Supreme Court.

## Motion to Vacate

Movant seeks relief from his sentence pursuant to § 2255. He argues actual innocence, due process violations, and ineffective assistance of counsel.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

For his explanation as to why the one-year statute of limitations does not bar his motion, although his conviction became final more than a year ago, movant states, as follows: "(1) actual innocence of the crime of conviction [and] (2) new evidence discovered after the expiration of the statute of limitations." Movant seems to be arguing that his motion falls under § 2255(4); however, the facts supporting his claim are documents from his underlying criminal trial, including excerpts from the trial transcript, the stipulation of facts relative to sentencing, and the plea transcript. Rather than presenting the date on which facts supporting his claims could have been discovered through the exercise of due diligence, movant is merely asserting new legal arguments based upon trial and sentencing documents.

As such, having carefully reviewed the instant motion, the Court concludes that, at the latest, movant's one-year limitations period began to run on or about March 23, 2001, which was when his time for filing a petition for certiorari expired. The instant motion, however, was filed on March 31, 2006, well after the running of the one-year limitations period. Given these facts, this action is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal.[1]

---

[1] Movant has not asserted any facts indicating that equitable tolling applies in this case. See Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999)(equitable tolling in habeas context is proper when "extraordinary circumstances" beyond a prisoner's control make it impossible to file the habeas action on time).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

An appropriate order of dismissal will accompany this memorandum and order.

Dated this  15th  day of  May , 2006.

_____
UNITED STATES DISTRICT JUDGE